IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LORENZO BARNES, | |
|    Petitioner, | |
| v. | Civil Action No.:  ELH-23-2333 |
| WARDEN, | |
|    Respondent. | |

**MEMORANDUM OPINION**

Petitioner Lorenzo Barnes, a federal inmate proceeding without counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  ECF 1 (the "Petition").  He also filed a Supplement to the Petition (ECF 3) and exhibits.  ECF 3-1 – ECF 3-3.  Barnes alleges that he is entitled to earned time credit towards his federal sentence.  In addition, Barnes has filed a motion for leave to proceed in forma pauperis.  ECF 6 ("IFP Motion").

Respondent, the Warden of the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed a "Response To Petition For Writ Of Habeas Corpus And Motion To Dismiss Or, In The Alternative, For Summary Judgment."  ECF 9 ("Motion").  It is supported by exhibits.  ECF 9-1 – ECF 9-3.  The Court informed Barnes, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the motion could result in the dismissal of the Petition.  ECF 10.  Barnes has not filed a response to the Motion and his time to do so has expired.

Having reviewed the Petition, the Motion, and related filings, the Court finds that no hearing is necessary.  Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States*

*District Courts*; D. Md. Local R. 105.6. For the reasons that follow, I shall grant Respondent's Motion to dismiss and deny the Petition.

## I. Factual Background

On April 2, 2019, Barnes was sentenced in the United States District Court for the Eastern District of Virginia in case number 2:18-cr-00150-003. ECF 3-3 at 2; ECF 9-1 at 3, 7. He received a sentence of 30 months of imprisonment followed by a three-year term of supervised release for the offenses of Making False Statements in Connection with the Purchase of a Firearm and Aiding and Abetting, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). ECF 9-1 (Declaration of Misty Shaw), at 3.[1] On that date, Barnes also received a sentence of 60 months of imprisonment, followed by a five-year term of supervised release, for the offense of Possession of a Firearm in Furtherance of and Using and Carrying the Firearm During and in Relation to Drug Trafficking Crimes, in violation of 18 U.S.C. § 924(c). ECF 3-3 at 3; ECF 9-1 at 3, 8. The term of imprisonment for Barnes's § 924(c) conviction was imposed consecutive to his other conviction, as required by statute. ECF 3-3 at 3; ECF 7-8; ECF 9-1 at 3, 7. Barnes's aggregated sentence was computed to be 90 months of imprisonment and five years of supervised release. ECF 3-3 at 3; ECF 9-1 at 8.

---

[1] Aiding and abetting is governed by 18 U.S.C. § 2.

According to the Federal Bureau of Prisons ("BOP") website, Barnes is now located at Residential Reentry Management Baltimore.[2] He has a release date of March 26, 2025. *See* https://www.bop.gov/inmateloc/ last accessed July 1, 2024.[3]

Barnes asserts that the BOP has incorrectly found him ineligible for earned time credit ("ETC") under the First Step Act of 2018 ("FSA"), P.L. 115-391, § 102(b)(1), 132 Stat 5194, 5210 (Dec. 21, 2018) by incorrectly considering his conviction under 18 U.S.C. § 924(c) as a "violent" offense. ECF 3-3 at 5, 7-8, 10. Respondent counters that the conviction under 18 U.S.C. § 924(c) is per se disqualifying and because he is serving an aggregated sentence this disqualification applies to Barnes's current commitment as a whole. ECF 9.

## II.     Standard of Review

Respondent's Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County,* 788 F. Supp. 2d 431, 436-37 (D. Md. 2011); *Pevia v. Hogan*, 443 F. Supp. 3d 612, 625 (D. Md. 2020).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the petition "fail[s] to state a claim upon which relief can be granted." In deciding a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the

---

[2] Litigants have a continuing obligation to keep a current address on file with the Clerk of the Court during the pendency of their actions. *See* Local Rule 102.1.b.iii. Petitioner has failed to notify the Court of his new address since being transferred from FCI-Cumberland. Nevertheless, a court may "properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Clerk will be directed to update Barnes's address c/o RRM Baltimore, 400 First St. NW, 5th Floor, Washington, D.C. 20534.

[3] The offenses of conviction and defendant's location and projected release date are matters for which the Court may take judicial notice. *See* F.R.E. 201, discussed, *infra*.

plaintiff [or petitioner]." *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)).

A respondent may test the legal sufficiency of a complaint or a petition by way of a motion to dismiss under Rule 12(b)(6). *Nadendla v. Wake Med*, 24 F.4th 299, 304-05 (4th Cir. 2022); *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 152 (4th Cir. 2020); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom., McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a respondent that, even if the facts alleged by a petitioner are true, the petition fails as a matter of law "to state a claim upon which relief can be granted." *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

Whether a petition states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). That rule provides that a petition must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the respondents with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a petition must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Fauconier v. Clarke*, 996 F.3d 265, 276 (4th Cir. 2020); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317-18 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  "A claim has facial plausibility when the plaintiff [petitioner] pleads factual content that allows the court to draw the reasonable inference that the defendant [respondent] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint [petition] has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

To be sure, a petitioner need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint [petition] for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam).  But, mere "naked assertions of wrongdoing" are generally insufficient to state a claim for relief.  *Francis*, 588 F.3d at 193 (internal quotation marks and citation omitted).

Indeed, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a petition provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555; *see Morrow v. Navy Federal Credit Union*, 2022 WL 2526676, at *2 (4th Cir. July 7, 2022) ("Mere recitals of a cause of action, supported only by conclusory statements, are insufficient to survive" a Rule 12(b)(6) motion).  Thus, "an unadorned, the-defendant [respondent]-unlawfully-harmed-me accusation" does not state a plausible claim of relief.  *Iqbal*, 556 U.S. at 678.  Instead, to satisfy the minimal

requirements of Rule 8(a)(2), the petition must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint [petition],' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff [petitioner].'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff [petitioner] is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Moreover, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted); *see Bing v. Brio Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint [petition], the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley*

*v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint [petition]," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint [petition].*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst,* 4 F.3d at 250).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint [petition] and the 'documents attached or incorporated into the complaint [petition].'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448); *see Goines*, 822 F.3d at 166 (a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits"); *see Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024); *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019); *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). In contrast, the court "may not consider any documents that are outside of the complaint [petition], or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed v. Town of Gilbert*, 576 U.S. 155 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint

and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In addition, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, under Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Because petitioner is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord Bala v. Cmm'w of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003)

(internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

I shall consider Respondent's Motion as a motion to dismiss under Rule 12(b)(6). *Pevia*, 443 F. Supp. 3d at 625. In doing so, the Court generally relies only on material presented by Barnes, including his exhibit "Sentence Monitoring Computation Data." *See* ECF 3-3 at 2-4.[4]

### III. Discussion

The Attorney General, acting through the BOP, has responsibility for administering a federal inmate's sentence. *See* 18 U.S.C. § 3621; *United States v. Wilson*, 503 U.S. 329, 335 (1992). This includes determining where an inmate serves his sentence as well as time credit. *See* 18 U.S.C. § 3621(b); *Wilson*, 503 U.S. at 335.

The FSA was enacted on December 21, 2018, and, in pertinent part, governs the calculation of federal prison sentences. *See* 18 U.S.C. § 3632. The statute allows eligible inmates who successfully complete evidence-based recidivism reduction programs ("EBRRs") or productive activities ("PAs") to receive earned time credits ("ETCs"), to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). The Director of the Bureau of Prisons is charged with transferring eligible prisoners, as determined under section 3624(g),[5] into prerelease custody or supervised release. 18 U.S.C. § 3632(4)(C).

If eligible to earn ETCs, an inmate may receive ten days of credit for every thirty days of successful participation in EBRRs or PAs. *See* 18 U.S.C. § 3632(d)(4)(A). Additionally, eligible inmates who have been assessed at a minimum or low risk of recidivism, who maintain their low

---

[4] Respondent provided similar information as exhibits to his Motion. ECF 9-1 at 7-9.

[5] 18 U.S.C. § 3624(g) sets forth the parameters for a prisoner's eligibility for and transfer to prerelease custody and early supervised release.

risk of recidivism over two consecutive assessments, may earn an additional five days of time credit for every thirty days of successful participation. *See id.*

To be eligible to earn ETCs, inmates must not have a conviction for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). Relevant here, a "prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction" under "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii) (emphasis added).

On January 19, 2022, the BOP codified its procedures at 28 C.F.R. § 523.41(d), which states: "Any inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or any person in the custody of the Bureau, is eligible to earn FSA time credits, subject to the exception described in paragraph (d)(2) of this section." Section 523.41(d)(2) explains that if the "inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D)," which includes a sentence imposed under § 924(c), "the inmate is not eligible to earn FSA time credits." *Id.*; *see also* § 3632(d)(4)(D)(xxii).

Barnes was convicted under § 924(c). This categorically disqualifies him from receiving ETCs. Also at issue is how the disqualifying conviction is applied to Barnes, who is serving multiple sentences. The FSA directly states that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). This provision applies to Barnes. Therefore, his sentences must be considered as a single, aggregated term of imprisonment.

As Barnes's sentences are aggregated, he is disqualified from earning ETCs because of his conviction under § 924(c). *Mancillas v. Fed. Bureau of Prisons*, No. CV SAG-22-2767, 2023 WL 5404229, at *5-6  (D. Md. Aug. 22, 2023) (holding that the § 924(c) conviction disqualifies

10

petitioner from ETCs because the sentences were required to be aggregated) (citing *Sok v. Eischen*, No. 22-CV-458, 2022 WL 17156797, at *5 (D. Minn. Oct. 26, 2022), *adopting report & recommendation*, 2022 WL 17128929 (D. Minn. Nov. 22, 2022)), *aff'd*, 2023 WL 5282709 (8th Cir. Aug. 17, 2023). *See also Richardson v. Warden*, FCI Edgefield, No. CV 4:23-4770-DCC-TER, 2024 WL 1862195, at *4-5 (D.S.C. Feb. 8, 2024) (citing *Mancillas*, 2023 WL 5404229, at *5 and *McNeill v. Ramos*, No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) (unpublished) (holding that partial FSA time credits were barred because sentences must be treated as a single aggregate term of imprisonment under 18 U.S.C. § 3584(c)), *report and recommendation adopted*, No. 4:23-CV-04770-DCC, 2024 WL 1861555 (D.S.C. Apr. 29, 2024).

Finally, Barnes both paid the filing fee of $5.00 and filed an IFP Motion. ECF 5, ECF 6. The IFP Motion will be denied as moot, because the filing fee has been paid.

### IV. Conclusion

In sum, Barnes is categorically disqualified from ETCs based on his conviction under 18 U.S.C. § 924(c). Further, the disqualification must be applied to his sentences in aggregate pursuant to 18 U.S.C. § 3584(c).

Therefore, I shall grant the Respondent's Motion. And, I shall deny the IFP Motion, as moot.

An Order follows.

Date: July 2, 2024              /s/
                                Ellen L. Hollander
                                United States District Judge